IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ANTHONY CAIRNS, )<br>)<br>Plaintiff, )<br>) CIVIL ACTION<br>vs. )<br>) FILE No.  4:18-CV-749<br>PIE & COFFEE, LLC AND )<br>SURIYA LEGACY LP, )<br>)<br>Defendants. ) | |

**COMPLAINT**

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' PIE & COFFEE, LLC AND SURIYA LEGACY LP, failure to remove physical barriers to access and violations of Title III of the ADA.

**PARTIES**

2. Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton

County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, PIE & COFFEE, LLC (hereinafter "PIE & COFFEE, LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8. Defendant, PIE & COFFEE, LLC, may be properly served with process via its registered agent for service, to wit:  Yibet Espinosa, Registered Agent, 2410 Tarpley Road, Suite 303, Carrollton, TX  75006.

9. Defendant, SURIYA LEGACY LP (hereinafter "SURIYA LEGACY LP"), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.

7. Defendant, SURIYA LEGACY LP, may be properly served with process via its registered agent for service, to wit:  Raja A. Edirisuriya, Registered Agent, 4613 St. Charles Court, Flower Mound, Texas  75022.

## FACTUAL ALLEGATIONS

8. On or about January 2018, Plaintiff was a customer at "Norma's Café," a business located at 605 W. 15th Street, Plano, Texas  75075, referenced herein as the "Norma's Café."

9. Defendant, PIE & COFFEE, LLC, is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

10. Defendant, SURIYA LEGACY LP, is the owner or co-owner of the real property and improvements that Norma's Café is situated upon and that is the subject of this action, referenced herein as the "Property."

11. Plaintiff's access to the business located at 605 West 15th Street, Plano, TX 75075, Collin County Property Appraiser's parcel numbers 2009657 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP, is compelled to remove the physical barriers to access and correct the ADA violations that exist at

3

Norma's Café and the Property, including those set forth in this Complaint.

12. Plaintiff has visited Norma's Café and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Norma's Café and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Norma's Café and the Property are accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Norma's Café and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

13. Plaintiff intends on revisiting Norma's Café and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

14. Plaintiff travelled to Norma's Café and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Norma's Café and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Norma's Café and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

15. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

16. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

17. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

    (iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

18. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

19. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

20. Norma's Café is a public accommodation and service establishment.

21. The Property is a public accommodation and service establishment.

22. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

23. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

24. Norma's Café must be, but is not, in compliance with the ADA and ADAAG.

25. The Property must be, but is not, in compliance with the ADA and ADAAG.

26. Plaintiff has attempted to, and has to the extent possible, accessed Norma's Café and the Property in his capacity as a customer of Norma's Café and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Norma's Café and the Property that preclude and/or limit his access to Norma's Café and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27. Plaintiff intends to visit Norma's Café and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Norma's Café and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Norma's Café and the Property that preclude and/or limit his access to Norma's Café and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Norma's Café and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29. Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP, are compelled to remove all physical barriers that exist at Norma's Café and the Property, including those specifically set forth herein, and make Norma's Café and the Property accessible to and usable by Plaintiff and other persons with disabilities.

30. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Norma's Café and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Norma's Café and the Property include, but are not limited to:

**(a)   ACCESSIBLE ELEMENTS:**

(i) There is at least one accessible parking space that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(ii) At least one accessible parking spaces is not located on the shortest distance to the accessible route from the accessible parking spaces to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property as one must unnecessarily and dangerously enter the vehicular way in an unmarked access route to access the accessible entrances when

there are closer and safer locations for the accessible parking space available.

(iii) There are two accessible parking spaces that are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iv) There are two accessible parking spaces and their associated access aisle have a slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v) Due to a policy of placing tables and chairs along the access route leading from the accessible parking spaces to the accessible entrance of Norma's Café, there is not a clear access route to the accessible entrance from these accessible parking spaces in violation of section 208.3 of the 2010 ADAAG standards, which requires each accessible parking space to be on an accessible route to an entrance.

(vi) Due to a policy of have tables and chairs along the access route leading from the accessible parking spaces to the accessible entrance of Norma's Café, there lacks a clear 36 inch exterior accessible route in violation of section 403.5.1 of the 2010 ADAAG Standards, and no exceptions to that standard applies here.

(vii) Defendants fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**(b) RESTROOMS IN NORMA'S CAFE:**

(i) The hand operated flush control is not located on the open side of the accessible stall in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(ii) The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

(iii) The door of the restroom stall lacks a proper minimum maneuvering clearance, due to an intrusion into the maneuvering clearance, in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv) The door exiting the restroom lacks a proper minimum maneuvering clearance, due to a policy of placing a trash can in close proximity to the door, in violation of section 404.2.4 of the 2010 ADAAG standards. This violation made it difficult and dangerous for Plaintiff to access the interior of the Property.

31. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Norma's Café and

the Property.

32. Plaintiff requires an inspection of Norma's Café and the Property in order to determine all of the discriminatory conditions present at Norma's Café and the Property in violation of the ADA.

33. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

34. All of the violations alleged herein are readily achievable to modify to bring Norma's Café and the Property into compliance with the ADA.

35. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Norma's Café and the Property is readily achievable because the nature and cost of the modifications are relatively low.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Norma's Café and the Property is readily achievable because Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP, has the financial resources to make the necessary modifications.

37. Upon information and good faith belief, Norma's Café and the Property have been altered since 2010.

38. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Norma's Café and the Property, including those alleged herein.

40. Plaintiff's requested relief serves the public interest.

41. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP.

42. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP, pursuant to 42 U.S.C. §§ 12188 and 12205.

43. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP, to modify Norma's Café and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, PIE & COFFEE, LLC, in violation of the ADA and ADAAG;

(b) That the Court find Defendant, SURIYA LEGACY LP., in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP, from continuing their

discriminatory practices;

(d)   That the Court issue an Order requiring Defendants, PIE & COFFEE, LLC AND SURIYA LEGACY LP, to (i) remove the physical barriers to access and (ii) alter the subject Norma's Café and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)   That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)   That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 18, 2018.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
21301 Powerline Road, Suite 106
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.

State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS

14